**F I L E D**
CLERK, U.S. DISTRICT COURT

1/20/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VAV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MOHAMMAD MAHDI AZIMOF,

        Defendant.

CR  2:23-cr-00030-MWF

I N D I C T M E N T

[18 U.S.C. § 1344(2): Bank Fraud and Attempted Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 982: Criminal Forfeiture]

The Grand Jury charges:

COUNTS ONE THROUGH FOURTEEN

[18 U.S.C. § 1344(2)]

A.   INTRODUCTORY ALLEGATIONS

    1.   At times relevant to this Indictment, Wells Fargo Bank and Chase Bank were financial institutions insured by the Federal Deposit Insurance Corporation.

    2.   At times relevant to this Indictment, Logix Credit Union and California Credit Union (collectively with Wells Fargo Bank and Chase Bank, the "Banks") were financial institutions insured by the National Credit Union Administration.

1  B.    THE SCHEME TO DEFRAUD

2        3.    Beginning on a date unknown to the Grand Jury, but no later

3  than on or about March 14, 2022, and continuing through at least on

4  or about August 4, 2022, in Los Angeles County, within the Central

5  District of California, and elsewhere, defendant MOHAMMAD MAHDI

6  AZIMOF, and others known and unknown to the Grand Jury, knowingly and

7  with intent to defraud, devised, participated in, executed, and

8  attempted to execute a scheme to obtain moneys, funds, credits,

9  assets, and other property owned by and in the custody and control of

10 the Banks by means of material false and fraudulent pretenses,

11 representations, and promises, and the concealment of material facts.

12       4.    The fraudulent scheme was operated and carried out as

13 follows:

14            a.    Defendant AZIMOF and others would obtain victims'

15 driver's licenses, social security numbers, bank account numbers, and

16 other personal identifying information of victims.

17            b.    Without permission or authorization, defendant AZIMOF

18 and others would use victims' personal identifying information to

19 cause the victims' cellular provider to activate a new subscriber

20 identification module ("SIM") or otherwise deactivate the victims'

21 cellular service and transfer the service to a new phone under

22 defendant AZIMOF's control.

23            c.    Using his access to the victims' cellular plan,

24 defendant AZIMOF and others would gain access to the victims' bank

25 accounts, for example, by using two-factor authentication.

26            d.    Defendant AZIMOF and others would use victims'

27 driver's licenses in order to conduct transactions with the Banks.

28 In doing so, defendant AZIMOF would falsely represent that he was the

account holder and was authorized to make the transaction with the victim's account, and would conceal that he was not the account holder and was not authorized to make the transaction.

        e.   By executing the above scheme, defendant AZIMOF caused or attempted to cause at least $112,500 in losses to Wells Fargo Bank, at least $56,000 in losses to Chase Bank, and at least $8,000 in losses to Logix Credit Union.

C.    THE EXECUTION AND ATTEMPTED EXECUTION OF THE FRAUDULENT SCHEME

     5.   On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant AZIMOF committed or attempted to commit the following acts, each of which constituted an execution or attempted execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | 3/14/22 | Execution: $18,000 withdrawal from E.M.'s Chase Bank account ending in – 4527 at a branch in Encino, California |
| TWO | 3/14/22 | Execution: $15,000 withdrawal from E.M.'s Chase Bank account ending in – 9099 at a branch in Encino, California |
| THREE | 3/14/22 | Execution: $9,000 withdrawal from E.M.'s Chase Bank account ending in -4079 at a branch in Encino, California |
| FOUR | 4/5/22 | Execution: $8,063.53 withdrawal from S.J.'s Wells Fargo Bank account ending in -2045 at a branch located in Pacoima, California |
| FIVE | 4/5/22 | Execution: $53,036.20 withdrawal from S.J.'s Wells Fargo Bank account ending in -1486 at a branch located in Pacoima, California. |
| SIX | 4/5/22 | Execution: $40,000 withdrawal from S.J.'s Wells Fargo Bank account ending in -9342 at a branch located in Granada Hills, California |

3

| COUNT | DATE | ACT |
|---|---|---|
| SEVEN | 4/5/22 | Execution: $39,534.90 withdrawal from S.J.'s Wells Fargo Bank account ending in -9342 at a branch located in Encino, California |
| EIGHT | 4/5/22 | Attempted Execution: $29,534.90 attempted payment on cashier's check for S.J.'s Wells Fargo Bank account ending in -9342 at a branch located in Sherman Oaks, California. |
| NINE | 4/12/22 | Attempted Execution: $9,000 attempted withdrawal from E.M.'s Chase Bank account ending in -0570 at a branch in Encino, California |
| TEN | 4/20/22 | Execution: $5,000 withdrawal from K.G.'s Logix Credit Union account at a branch located in Burbank, California |
| ELEVEN | 4/20/22 | Execution: $3,000 withdrawal from K.G.'s Logix Credit Union account at a branch located in Tarzana, California |
| TWELVE | 4/25/22 | Execution: $1,500 withdrawal from J.S.'s Wells Fargo Bank account at a branch in Sherman Oaks, California |
| THIRTEEN | 4/25/22 | Attempted Execution: $16,000 attempted withdrawal from J.S.'s Wells Fargo bank account at a branch in Sherman Oaks, California. |
| FOURTEEN | 8/4/22 | Attempted Execution: $998 attempted withdrawal from R.S.'s California Credit Union bank account at a branch in North Hills, California |

4

COUNT FIFTEEN

[18 U.S.C. § 1028A(a)(1)]

On or about April 5, 2022, in Los Angeles County, within the Central District of California, defendant MOHAMMAD MAHDI AZIMOF knowingly possessed and used, without lawful authority, a means of identification that defendant AZIMOF knew belonged to another person, namely, the name and driver's license number of victim S.J., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Four of this Indictment.

COUNT SIXTEEN

[18 U.S.C. § 1028A(a)(1)]

On or about April 25, 2022, in Los Angeles County, within the Central District of California, defendant MOHAMMAD MAHDI AZIMOF knowingly possessed and used, without lawful authority, a means of identification that defendant AZIMOF knew belonged to another person, namely, the name and driver's license number of victim J.S., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Twelve of this Indictment.

6

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offense set forth in Counts One through Sixteen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

1  been substantially diminished in value; or (e) has been commingled

2  with other property that cannot be divided without difficulty.

3

4                                              A TRUE BILL

5

6
                                            _____

7                                              Foreperson

8  E. MARTIN ESTRADA
   United States Attorney

9
   MACK E. JENKINS

10  Assistant United States Attorney
   Chief, Criminal Division

11

12

13  SCOTT M. GARRINGER
   Assistant United States Attorney

14  Deputy Chief, Criminal Division

15  FRANCES S. LEWIS
   Assistant United States Attorney

16  Deputy Chief, General Crimes
   Section

17
   SIOBHAN M. NAMAZI

18  DOJ Trial Attorney
   General Crimes Section

19

20

21

22

23

24

25

26

27

28

8